IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LENNON CLAY PARK,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING § 2255 PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AS MOOT<br><br>Case No. 2:06-CV-820 TS<br>Criminal Case No. 2:04-CR-496 TS |

On June 21, 2005, Defendant pleaded guilty to one count of possession of child pornography. On September 27, 2005, he was sentenced to 120 months incarceration, concurrent with a state sentence. The 120-month sentence was based on status as a repeat offender under 18 U.S.C. § 2252A, which would have required a minimum mandatory sentence of 120 months.

Petitioner filed this § 2255 petition, raising, among other things, a claim of ineffective assistance of counsel for failure to understand the nature of the charges against him. The government subsequently agreed that the minimum mandatory was not applicable on the

1

facts of this case.  The parties agreed that Defendant would be resentenced without reference to the minimum mandatory, and that such resentence would resolve this § 2255 Petition.[1]  A new presentence report was prepared which did not reflect a minimum mandatory sentence.

Defendant's resentencing was delayed because, although Defendant is under the primary jurisdiction of the state of Utah for a state sentence, at all times since the filing of his § 2255 Petition, Defendant has been held in temporary federal custody in Colorado for proceedings on a separate federal Indictment pending in that district.  Petitioner requested that he not be returned to this district for resentencing.

Eventually, at Petitioner's request, he was resentenced with his appearance in this district by means of video conference from the District of Colorado.  On May 8, 2008, Petitioner was resentenced to 46 months, concurrent with his Utah state sentence.

At the resentencing, Petitioner and his current counsel agreed that he was withdrawing all claims in this § 2255 petition, other than the one relating to the minimum mandatory sentence, which was not applied at his resentencing.  Petitioner, his counsel, and the government agreed that the resentencing fully resolved this § 2255 Petition and this case may be closed.  It is therefore

---

[1] Docket No. 10.

ORDERED that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is DENIED AS MOOT.  The clerk of court shall close this case forthwith.

DATED   May 12, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge